IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

BARBARA F. DUNNAWAY, :
:
    Plaintiff, :
:
vs. : 1:02-CV-27-3 (WLS)
:
JOHN POTTER, ET. AL., :
:
    Defendants. :

### ORDER

Presently pending is the Government's motion for summary judgment. (Tab 53). During this litigation Plaintiff has proceeded *pro se* and with an attorney. At present, Plaintiff is proceeding *pro se* as her attorney was allowed to withdraw. (Tab 56). In the order allowing counsel to withdraw, Plaintiff was informed of the pending motion for summary judgment, the necessity of responding and given a date certain in which to file her response. (Tab 56). Prior to the entry of the order allowing counsel to withdraw, Plaintiff had filed a *pro se* response to the motion for summary judgment. (Tab 59).[1] Plaintiff filed a subsequent response in compliance with the notice contained in the order allowing counsel to withdraw. (Tab 61). For the following reasons, the Government's motion for summary judgment (Tab 53) is **GRANTED**.

### BACKGROUND

This is a job discrimination lawsuit against the United States Postal Service. Plaintiff Barbara Dunnaway alleges that she was discriminated against based on her disability in violation

---

[1]. The docket number seems to indicate that the order granting counsel's request to withdraw was entered prior to Plaintiff's *pro se* response to the motion for summary judgment. In fact, a closer examination of the date of the order and the response reveals that the responses were actually filed prior to the order.

of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 *et. seq.* Plaintiff filed the instant suit on February 22, 2002. (Tab 1). Prior to filing the suit, Plaintiff filed the necessary charge of discrimination with the EEOC.

Plaintiff's claim arises out of her employment with the U.S. Postal Service at the Albany, Georgia, facility in 1998 when she refused to perform mail sorting duties due to an alleged disability involving her wrist (ganglion cyst). As a result of her failure to perform her requested duties, Plaintiff received a nine (9) day suspension without pay. Plaintiff makes no other complaint about her treatment at the facility except as related to the 1998 incident. Plaintiff still works at the Albany facility.

Plaintiff filed a sworn complaint with the EEOC in which she set out the facts of her complaint. Questions 9, 10, 11 and 12 on the complaint form are specific question designed to elicit from the complainant the exact nature of her disability. When asked to state whether she had a disability, whether the disability was permanent, and whether the disability affected any major life activities, Plaintiff answered in the negative. Further, it is unclear from her answers whether management was informed that the cyst was a disability. (EEO Questionnaire).

Defendant maintains that Plaintiff is bound by her questionnaire and that as a matter of law, she does not suffer from a disability. Defendant argues that since Plaintiff does not suffer from a disability, then she cannot establish a *prima facie* case of discrimination.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to

"resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. Fitzpatrick, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. Id. Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

## ANALYSIS

Defendant argues that Plaintiff has failed to establish a *prima facie* case under the Rehabilitation Act.[2] By failing to prove that she has a disability as defined under the law, Plaintiff, the Government argues, has failed to establish an essential element of her claim.

In order to establish a claim under the ADA or the Rehabilitation Act ("Act'), a plaintiff "'must demonstrate that [he] (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [his] disability.'" Waddell v. Valley Forge Dental Associates, Inc., 276 F.3d 1275, 1279 (11th Cir. 2001)(brackets in original)(citations omitted).

The Rehabilitation Act defines an "individual with a disability" as a person who: (1) has a physical or mental impairment that substantially limits one or more of such person's life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B). The Supreme Court has developed a narrow interpretation of the phrase "substantially limited life activity." According to the Court, the impairment must "prevent[s] or severely restrict[s] the individual from doing activities that are of central importance to most people's daily lives." Toyota v. Williams, 534 U.S. 184, 198 (2002).

As noted previously, Plaintiff submitted sworn answers to the EEO in response to certain questions. Some of those questions dealt with whether Plaintiff was a qualified individual with a disability. While identifying the cyst as her impairment, she denied that she had a disability or that the disability interfered with any major life activities. Further she has testified that she can perform her normal job activities without removing the cyst. Such a removal would cause her to potentially lose some or all of her artistic ability which she does not want to risk.

Based on her own statements, Plaintiff is not a qualified individual with a disability

---

[2]. The courts use the same analysis for Rehabilitation Act claims and claims brought under the Americans with Disabilities Act (ADA). Waddell v. Valley Forge Dental Associates, Inc., 276 F.3d 1275, 1280 (11th Cir. 2001) (11th Circuit evaluates claims brought under the Rehabilitation Act and the ADA under the same standards).

because she has a physical impairment that limits a major life activity. Under this definition, as a matter of law Plaintiff is not disabled. Gordon v. E.L. Hamm & Assocs., Inc., 100 F.3d 907 (11th Cir. 1996); Sutton v. Lader, 185 F.3d 1203 (11th Cir. 1999).

In her response to the motion, Plaintiff seems to argue that she was perceived to be disabled. There is evidence that Plaintiff informed her supervisors of her cyst or problems related thereto. Even so, the supervisors did not perceive the cyst to be a disability. To be properly perceived as a disability, the supervisor must believe that the impairment substantially limited Plaintiff's major life activities. Murphy v. United Parcel Service, 527 U.S. 516 (199). In this case, the supervisors were aware of a "knot" or the cyst, but did not view it as a disability affecting Plaintiff's life activities. Without more, Plaintiff has failed to show that her employer regarded her as having a disability or being a qualified individual with a disability.

If Plaintiff cannot or has not shown that she is a qualified individual with a disability, then she fails to satisfy the first element of a *prima facie* case. Without a *prima facie* case, Defendant is entitled to judgment as a matter of law. Plaintiff has not established that she is a qualified individual with a disability and, therefore, Plaintiff has not established a *prima facie* case. Accordingly, as Plaintiff bears the burden of showing she is a qualified individual with a disability as an element of the *prima facie* case, and has failed to make such a showing, Defendant's motion for summary judgment on Plaintiff's complaint for damages under the Rehabilitation Act (Tab 53) is **GRANTED**.

**SO ORDERED**, this __22nd__ day of June, 2005.

                                                                              /s/W. Louis Sands  
                                                                              **W. LOUIS SANDS, CHIEF JUDGE**  
                                                                              **UNITED STATES DISTRICT COURT**